Karen R. Baker, Justice, dissenting. [(¡Because the majority reversed and dismissed Thornton’s conviction in Thornton v. State, 2014 Ark. 157, 433 S.W.3d 216 (“'Thornton 7”), I cannot join the majority’s opinion. Simply put, the lack of clarity in Thornton I has caused the . majority in Thornton’s case today to attempt, to craft a solution that supports Thornton I and reverses and dismisses Thornton’s first-degree-murder conviction that resulted from a hearing in the circuit court following the majority’s decision in Thornton I. ' The record demonstrates that upon return to the circuit cpurt, the circuit court expressed its reservation on whether it retained'jurisdiction to address “the lesser includeds”: “[T]he [Supreme] court specifically said they were not addressing the lesser includeds. Well, it says, “We offer no opinion about whether it would sustain a lesser offense.’ ... This Court would readily admit that this is a case of first impression to this Court. This court had sought far and near, low and high trying to find a case like this case, and it not one like this case, then one similar to this case and unfortunately was able to find a-case.” I sympathize with the circuit court’s dilemma.. Nevertheless, because the majority reversed and dismissed Thornton’s conviction in Thornton I, there was no remand or return to circuit court. Pursuant to the majority’s mandate in Thornton I, Thornton has no conviction against him at this juncture. ■ In Thornton I, the majority explained that, at trial, [t]he circuit court denied the motion [for directed verdict], Thornton was the only defense witness and at the close of all the evidence, he again renewed his motions for |7a directed verdict. The circuit court denied the'motions and took the case under advisement. The court then ruled from the bench that the State had proved the charges of capital murder, possession of a firearm, and abuse of a corpse. But, the circuit court reduced, the felony-theft charge to a misdemeanor count of unauthorized use of a vehicle. The circuit court entered a sentencing order on March 4, 2013, finding Appellant guilty as set forth above. 2014 Ark. at 152, 3-4, 433 S.W.3d at 218-19. The majority in Thornton I ultimately held: \ , ' [We] must reverse Thornton’s conviction for capital murder. While the evidence cannot sustain the charge of capital murder, we offer no opinion about whether it would sustain a lesser offense. See, e.g., Acuff v. State, 263 Ark. 85, 484 S.W.2d 698 (1972).[1] Reversed and dismissed. Subsequent to the majority opinion, the State filed a petition for rehearing asserting that “the court should clarify that the convictions of felony theft of property, possession of a firearm, and abuse of a corpse still stand.” In a 5-2 decision, the majority denied the State’s petition for rehearing without opinion. Accordingly, a majority of this court denied the petition for rehearing after the majority dismissed Thornton’s conviction citing to a case that was reversed and remanded for further proceedings. Thereafter, the majority issued its mandate and “reversed and dismissed” his conviction. The mandate stated in pertinent part: THIS CRIMINAL APPEAL WAS SUBMITTED TO THE ARKANSAS SUPREME COURT ON THE RECORD OF THE LINCOLN COUNTY CIRCUIT COURT AND BRIEFS OF THE RESPECTIVE PARTIES. AFTER DUE CONSIDERATION, IT IS THE DECISION OF THE COURT THÁTJ¿THÉ CONVICTION IS REVERSED AND DISMISSED FOR THE REASONS SET OUT IN THE ATTACHED OPINION. ' . I must note that the citation to Acuff has led to the confusion as well because, in Acuff, we reversed and remanded Aeuff’s case — we did not reverse and dismiss the case*